THOMPSON, Senior Circuit Judge,
dissenting:
I respectfully dissent. To the extent our decision in Hotel Employees & Restaurant Employees Int’l Union Welfare Fund v. Gentner, 50 F.3d 719 (9th Cir.1995), prevents an ERISA plan from recovering against an attorney who possesses a portion of the settlement funds with knowledge of the subrogation agreement between his client and the ERISA plan, it has been overruled by Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006).
Any difference between this case and Serebojf is illusory, because as the Sereboff Court explained, the claim for equitable restitution attached “ ‘as soon as the settlement fund was identified.’ ” See 547 U.S. at 364, 126 S.Ct. 1869 (citation omitted). At that point, in the present case, the funds were in Freed’s “constructive possession,” and the Berg law firm was acting as Freed’s agent when it disbursed the funds to itself as attorneys’ fees. See Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 356 (5th Cir.2003). No further tracing or maintenance of a fund is necessary for equity to allow repayment.
As two of our sister circuits recently concluded, once an ERISA § 502(a)(3) claim attaches, there is no practical difference if the money is then disbursed to the *210 beneficiary, as was the case in Sereboff, or to a third party with knowledge of the subrogation agreement. See Longaberger Co. v. Kolt, 586 F.3d 459, 469 (6th Cir.2009) (allowing recovery against the beneficiary’s attorney where the attorney already disbursed a portion of the funds to himself as attorney’s fees); Admin. Comm. for the Wal-Mart Stores, Inc. Assocs.’ Health & Welfare Plan v. Horton, 513 F.3d 1223, 1227-29 (11th Cir.2008) (allowing recovery against the conservator of a special needs trust where the settlement funds were deposited).
Here, because the funds to which AC Houston was “entitled” under the subrogation agreement were “specifically identifiable” and in the Berg law firm’s “possession and control,” the district court properly imposed an equitable lien over them pursuant to § 502(a)(3). See Sereboff, 547 U.S. at 362-64, 126 S.Ct. 1869. The fact that the law firm never signed the subrogation agreement is irrelevant, because the firm knew of the agreement when it decided to represent Freed and before it disbursed a portion of the funds to itself as attorneys’ fees. Accordingly, I would affirm.